**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| JIMMY DALE STALLNACKER, | ) | |
| | ) | |
| ADC # 103741 | ) | **Case No. 5:10-CV-00295 JLH-JTK** |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| RAY  HOBBS,  Director,  Arkansas | ) | |
| Department of Correction | ) | |
| Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court

Chief Judge J. Leon Holmes.   Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis for

the objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must be

received in the office of the United States District Court Clerk no later than fourteen (14) days

from the date of the findings and recommendations.  The copy will be furnished to the opposing

party.  Failure to file timely objections may result in waiver of the right to appeal questions of

fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Jimmy Dale Stallnacker on October 4, 2010. (Doc. No. 2).  A response was filed by Respondent Ray Hobbs on October 27, 2010. (Doc. No. 6).  Petitioner filed a reply on March 29, 2011. (Doc. No. 11). After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

Petitioner was convicted of aggravated robbery and theft of property in the Jackson County (Arkansas) Circuit Court, and he is currently serving the resulting forty-year sentence in the Arkansas Department of Correction. Petitioner directly appealed his conviction, but the Arkansas Court of Appeals affirmed his convictions and sentences on June 13, 2007. *Stallnacker v. State*, CACR06-902, 2007 WL 1697313 (Ark. App. 2007) (unpublished). Petitioner did not

seek review from the Arkansas Supreme Court.

On April 8, 2009, Petitioner sought post-conviction relief pursuant to Ark. R. Crim. P. 37.1 in the form of a "Petition for Permission to Reinvest Jurisdiction in the Trial Court to Consider a Rule 37.1 Petition" in the Arkansas Supreme Court. That petition was returned to Petitioner with a letter explaining that 1987 amendments to Rule 37 rendered it unnecessary to obtain permission from the Arkansas Supreme Court prior to seeking post-conviction relief from a circuit court. Petitioner did not subsequently seek any relief under Rule 37.

### Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on allegations that 1) he was denied the effective assistance of counsel and 2) his right to procedural due process was violated during pre-trial lineup. However, the merits of these claims will not be addressed because Petitioner's claims are time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).[1]

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The starting date for limitations purposes was July 3, 2007, because July 2, 2007,[2] was the last date Petitioner could have sought review

---

[1] The Court would note that Petitioner's claims are also procedurally-barred because he either failed to raise them in state court or failed to complete the appeals process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted."). The Court need not address Petitioner's arguments regarding actual innocence because his petition is clearly time-barred and because he failed to "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy*, 652 F.3d at 850 (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

[2] Ar. Sup. Ct. R. 2-4(a) ("A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within 18 calendar days from the date of the decision . . . ."). Eighteen days would have actually concluded on July 1, 2007, but this was a Sunday.

from the Arkansas Supreme Court.[3]  Thus, Petitioner was required to seek federal habeas relief

by July 3, 2008.  Petitioner's April 2009 petition did not toll the limitations period because "[t]he

one year AEDPA limit for federal habeas filing cannot be tolled after it has expired."[4] *Jackson v.*

*Ault*, 452 F.3d 734, 735 (8th Cir. 2006).  There is no argument or indication that any of the

statutory exceptions to the one-year period of limitation apply.  *See* 28 U.S.C. § 2244(d)(1)(B)-

(D) (explaining that the limitations period will be tolled in situations where the state impeded

relief, new constitutional rights were created by the Supreme Court, or newly discovered facts

underpin the claim).

Petitioner requests that the limitations period be equitably tolled because: 1) "his

appellant attorney failed to communicate the outcome of the direct appeal, despite multiple

attempts and requests by Stallnacker for information;" 2) he "was abandoned by his trial

attorney, Debra Reese, and his appeal attorney, Scott Nance;" 3) he "was not provided any

assistanc from the 'attomey for inmates' who rarely responds in a timely manner;" 4) "access to

the [prison's] law library is severely restricted, and staffed with clerks who are not trained in

legal assistance, nor knowledgeable in legal research, and often give misinformation about

timeliness and legal methods;" 5) the law library shares space with the general library, so access

is often delayed or denied; 6) only two of the four typing terminals work, despite having roughly

---

[3]

 *Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not
seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when
the time for seeking such review expires."); *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012)
(noting *Gonzalez*'s abrogation of *Riddle v. Kenma*, 523 F.3d 850 (8th Cir. 2008), which held that
the relevant starting date for limitations purposes was the date that the mandate was issued).

[4]

 This particular petition would not have had any tolling effect even if had been filed within the
limitations period because only a "properly filed application for State post-conviction" review can
toll the limitations period. 28 U.S.C. § 2244(d)(1)(A).  Petitioner merely asked permission to seek
Rule 37 relief from a circuit court, but he never sought that relief after he was told he did not need
permission.

one-thousand inmates in the prison; 7) the law library materials are out-of-date; 8) "assistance comes from jail-house lawyers, who are interfered with by A.D.C., and often are overwhelmed with inmates needing help;" and 9) he is actually innocent. (Pet'r's Reply 1-3, Doc. No. 11).

"Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).  The list provided by Plaintiff primarily consists of the types of pre-filing obstacles that are faced by most habeas petitioners and have been routinely rejected by the courts.[5]  Indeed, Petitioner admits that "these additional issues do not overcome the delay in filing." (Pet'r's Reply 3).

The failure of Petitioner's trial counsel to inform him of his right to appeal does not excuse his failure to comply with the limitations period. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) ("[W]e cannot endorse Baker's argument that the Act's title provides an excuse for her not being aware of the one-year statute of limitations.").  Similarly, the failure of Petitioner's appellate counsel to inform him of the decision also does not toll the limitations period.  Although Petitioner does not explain when he learned of the result, a letter he sent on October 15, 2008, indicates that he was at least aware of the decision by then.  Petitioner's action would be time-barred even if the limitations period

---

[5]  *See Jackson*, 452 F.3d at 736-37 (attempt to obtain post-conviction counsel); *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (failure to understand the plain language of a dismissal notice); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (prisoner's misunderstanding of proper procedure to file state petition); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003) (petitioner's lack of understanding of the law and of the effect of his voluntary dismissal); *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) (limited access to law library and advance sign-up; ignorance of AEDPA's enactment); *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001) (unsuccessful search for counsel and lack of access to trial transcript); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (delays in obtaining trial transcript).

were tolled until October 2008 because the current petition was not placed in the prison mailbox until September 29, 2010.

Petitioner argues that the statute of limitations should be equitably tolled because he is actually innocent, but actual innocence cannot toll the limitations period absent a showing that some action or inaction on the part of the respondent "prevented [the petitioner] from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002) (explaining that AEDPA "fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this doctrine.").   Accordingly, the present action must be dismissed as time-barred.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice.   The relief prayed for is DENIED.

SO ORDERED this 17th day of April, 2012.

_____
United States Magistrate Judge